UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEGACY HEALTHCARE SERVICES, INC.,** ) | **CASE NO. 1:03CV00515** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **PROVIDENT FOUNDATION, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | **MEMORANDUM OF OPINION** |

On March 21, 2003, plaintiff Legacy Healthcare Services, Inc. ("Legacy"), filed a complaint in the United States District Court for the Northern District of Ohio, Eastern Division, against defendants Provident Foundation, Inc. ("Provident") and The Long Term Care Foundation, doing business as Citrus Health Care and Rehab Center("LTCF"), alleging a breach of contract. (Doc. No. 1). The subsequent filings revealed that Provident is the sole member of Provident Group-Citrus Health & Rehabilitation Center LLC ("Provident Group"). (Doc. No. 11). Legacy's first amended complaint named Provident Group as the sole defendant. (Doc. No. 18).

On September 9, 2006, Provident Group filed a motion to dismiss for improper venue. (Doc. No. 66). On October 3, 2006, Legacy filed a brief in opposition. (Doc. No. 72). On October 13, 2006, Provident Group filed a reply. (Doc. No. 75).

All issues have been fully briefed and are ripe for adjudication. For the following reasons, Provident Group's motion to dismiss for improper venue is denied.

## I. FACTUAL BACKGROUND

Legacy is a corporation that provides rehabilitation programs to health care facilities in the United States. Its principal place of business is in North Carolina and it is licensed to do business in Ohio. (Doc. No. 1 at 1). Provident Group is a Delaware LLC authorized to do business in Florida. Its sole member is Provident, a Georgia non-profit corporation. (Doc. No. 11). LTCF was a long term care facility doing business in Florida.

On March 1, 2000, Legacy and LTCF entered into a contract for therapy services. When LTCF went into bankruptcy, the Bankruptcy Trustee assigned the contract to Provident Group, who accepted the assignment.

The contract contains a clause entitled, "Submission to Jurisdiction" ("the Clause"), which states in relevant part:

> Each of the parties submits to the jurisdiction of any state or federal court sitting in Cleveland, Ohio in any action or proceeding arising out of or relating to this agreement and agrees that all claims in respect of the action or proceeding may be heard in any such court. Each of the party waives any defense of inconvenient forum to the maintenance of any action or proceeding brought.

(Doc. No. 1-1).

Legacy asserted venue under 28 U.S.C. § 1391(a), citing the Clause. (Doc. No. 1). Provident, pursuant to 28 U.S.C. § 1306(a) and FRCP 12(b)(3), moves this court to dismiss the case, arguing that Provident Group does not reside in Ohio, and that no substantial part of the events giving rise to Legacy's claim occured in the Northern District of Ohio. Legacy, meanwhile, maintains that the Clause is enforceable and covers venue. Additionally, Legacy argues that Provident waived their improper venue motion by waiting till more than three years after filing the complaint to file such a motion.

## II.    DISCUSSION

"Once venue is challenged by a defendant, plaintiff has the burden of proof to establish that venue is proper in the district in which the claim has been brought."  *Medquist MRC, Inc. v. Dayani,* 191 F.R.D. 125, 127 (N.D. Ohio 1999) (citing *Bacik v. Peek*, 888 F.Supp. 1405, 1412 (N.D. Ohio 1993).

**A.    Legacy's Claim is Properly Venued in the Northern District of Ohio**

Legacy properly asserts venue under 28 U.S.C. § 1391(a), which states in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Further, 28 U.S.C. § 1391(c) states that, "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Provident Group, a corporation and the sole defendant, is therefore properly venued under § 1391(a) and § 1391(c).  Though Provident Group debates whether the Clause is a mandatory venue waiver provision, it does not debate that the Clause waives personal jurisdiction, nor that personal jurisdiction can be waived.  (Doc. No. 66); *see also Ins. Corp of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982) (stating "[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.").  Therefore, under § 1391(c), Provident Group, a corporation, is deemed to reside in this district because it has waived

personal jurisdiction in the Clause. *See Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F.Supp.2d 1039, 1048 (S.D. Ohio 2002) (stating "in the case of a corporate defendant, the residence of the defendant incorporates the test for personal jurisdiction. In other words, if a corporate defendant is subject to personal jurisdiction in a judicial district, it is deemed to reside there for purposes of venue."). Therefore, the court holds that venue is proper under § 1391(a)(1) and § 1391(c).

### B. Provident Group has Forfeited its Objection to Venue

Legacy argues that Provident Group has waived its venue objection by waiting more than three years to file a motion to dismiss based on venue. The court agrees.

Although the language of § 1391(a) and (c) provides for proper venue in this case, even if it were not so, Provident Group has forfeited its objection. To wit, "even a defending party who seasonably asserts Rule 12 defenses in his answer may forfeit those defenses by his subsequent actions. Failure to press such defenses after raising them may result in abandonment." *Plunkett v. Valhalla Inv. Servs.*, 409 F.Supp.2d 39, 41 (D. Mass. 2006) (citation omitted). In Plunkett, the court notes that not only was the length of time relevant to forfeiture of such defenses, but so was conduct such as participation in discovery and pretrial proceedings. *Id*. at 42. Here, the original complaint was filed in March of 2001, the parties participated in an alternative dispute resolution mediation conference**,** participated in settlement conferences, and conducted discovery. All of this cuts in favor of forfeiture.

### C. The Meaning of the Clause

Though the parties' briefs vigorously debate whether the Clause is a mandatory waiver of venue defenses, given the aforementioned analysis, venue has been properly established. Any further analysis of the meaning of the clause would be superfluous.

### III.  CONCLUSION

For the foregoing reasons, Provident Group's motion to dismiss for improper venue is denied.

IT IS SO ORDERED.

           /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2007